(61 App. Div. 621.)

### GIBBS v. J. M. HORTON ICE-CREAM CO.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

LEASE—STATUTE OF FRAUDS—SPECIFIC PERFORMANCE.

Where a contract leasing property is void under the statute of frauds, but the tenant enters into possession and pays the rent, and erects a valuable improvement on the premises, the contract will be specifically enforced.

Appeal from special term.

Action by one Gibbs against the J. M. Horton Ice-Cream Company. From a judgment in favor of the plaintiff, defendant appeals.   Affirmed.   The following is the opinion of the special term:

The first question to be determined is, was the oral agreement made between plaintiff and defendant as claimed by the plaintiff in her complaint? There is a sharp conflict of evidence between the plaintiff and the defendant's superintendent upon this point. Without imputing to Mr. Stewart the intention of telling anything but the truth concerning the transaction, I am nevertheless convinced that the agreement was made at the time and substantially as claimed by the plaintiff. She is a woman who is engaged in business for herself. She had no person to rely upon to look out for her interest. It was therefore natural that she should be anxious to be assured as to tenure of the place where she had been doing business for so long a time. It was also natural that she should remember clearly the details of the agreement. The agreement was void under the statute of frauds. Are the circumstances such that the plaintiff is entitled to its specific performance in equity? First. She has paid her rent regularly up to the time defendant sought to dispossess her. She remained in possession under the agreement for some months, and by virtue of the agreement she has made valuable repairs on the premises, which would not have been made except for the agreement. It is settled that the payment of the consideration of an alleged contract is not alone sufficient to authorize its specific performance, but it is also a general rule that when the consideration has been paid, and possession under the contract taken, the contract will be specifically enforced, and to take the case out of the rule the circumstances must be peculiar and exceptional. Dunckel v. Dunckel, 141 N. Y. 435, 36 N. E. 405; Pawling v. Pawling, 86 Hun, 503, 33 N. Y. Supp. 780, affirmed in 150 N. Y. 574, 44 N. E. 1127. In this case the plaintiff did more than to pay rent and take possession. She expended considerable upon improvements of that character of permanency that she would not have made except upon reliance upon the agreement. Upon this state of facts, I think, under the authorities, the plaintiff has made out a case entitling her to the relief demanded in the complaint. Freeman v. Freeman, 43 N. Y. 34, 3 Am. Rep. 657; Miller v. Ball, 64 N. Y. 286. Judgment is directed for the plaintiff, with costs.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Robert H. Elder, for plaintiff.

James and Thomas H. Troy, for defendant.

PER CURIAM.   Judgment affirmed, on the opinion of SMITH, J., at special term, with costs.

---

(35 Misc. Rep. 449.)

### IRVING SAV. INST. v. ROBINSON et al.

(Supreme Court, Special Term, New York County.   July, 1901.)

MORTGAGES—FORECLOSURE—SETTING ASIDE SALE.

A judicial sale under foreclosure will not be set aside on application of heirs claiming that their bid was ignored and the property sold for a less sum, where they did not show that they had the required 10 per